UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

VALENTIN MURILLO-ORTIZ,

Petitioner,

v.

CHRISTOPHER LAROSE, SENIOR WARDEN, OTAY MESA DETENTION CENTER; KRISTI NOEM, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; TODD LYONS, ACTING DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; PATRICK DIVVER, FIELD OFFICE DIRECTOR, SAN DIEGO FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; SIRCE OWEN, ACTING DIRECTOR OF THE EXECUTIVE OFFICE FOR IMMIGRATION REVIEW (EOIR), U.S. DEPARTMENT OF JUSTICE. PAMELA BONDI, ATTORNEY GENERAL, U.S. DEPARTMENT OF JUSTICE,

Respondents.

Case No.: 3:26-cv-1469-JES-BJW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF No. 1]**

1

Before the Court is Petitioner Valentin Murillo-Ortiz's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1, ("Pet."). On March 9, 2026, the Court ordered Respondents to show cause, on or before March 13, 2026, as to why the Petition should not be granted. ECF No. 2. Despite the clear filing deadline set forth in the Court's Order to Show Cause, Respondents failed to file a timely Response to the Petition. This prompted Petitioner to file a Notice, on March 15, 2026, which advised the Court that, to date, Respondents had failed to respond to the Petition. ECF No. 3. On March 16, 2026—three days after the filing deadline—Respondents filed a Notice, which expressed their non-opposition to the Petition. ECF No. 4. Thereafter, the Court took the matter under submission. For the reasons stated below, the Court **GRANTS** the Petition.

## I.   BACKGROUND

Petitioner is a Mexican national who entered the United States without inspection on or about March 9, 2022. Pet. ¶ 1. On November 6, 2025, Petitioner was arrested in San Marcos, California, and is currently detained at the Otay Mesa Detention Center. *Id*. On March 6, 2026, Petitioner was provided a bond hearing, during which the immigration court found that it lacked jurisdiction, due to the Board of Immigration Appeal's decision in *Matter of Yajure-Hurtado*. *Id*. ¶ 45; 29 I&N Dec. 216 (BIA 2025). Petitioner alleges that his continued detention violates the INA and the Due Process Clause, and requests that the Court either orders his immediate release, or, alternatively, a constitutionally adequate bond hearing before a neutral decisionmaker. Pet. ¶¶ 46-54.

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the

Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

### III.    DISCUSSION

The issues raised in this Petition are identical to those raised in the Court's recent decision in *Velazquez-Beltran v. Noem.* No. 3:26-CV-959-JES-MSB, 2026 WL 524056 (S.D. Cal. Feb. 25, 2026). The Court, therefore, elects to follow the reasoning it stated in *Velazquez-Beltran* and incorporates it by reference. *Id*.

### A.    Jurisdiction

Although Respondents do not challenge jurisdiction, the Court addresses this issue, *sua sponte*. Based on the facts of this Petition, the Court finds that 8 U.S.C. § ("Section") 1252's jurisdiction stripping provisions do not bar it from considering Petitioner's habeas Petition. *See Martinez Lopez v. Noem et al.*, No: 25-cv-2717-JES-AHG, 2025 WL 3030457, at *2-3 (S.D. Cal. Oct. 30, 2025). Further, the prudential administrative exhaustion requirement for 28 U.S.C. § 2241 claims is excused. Thus, the Court finds that it has jurisdiction to hear the Petition.

### B.    Petitioner is Entitled to a Bond Hearing Under Section 1226(a)

The Court finds that Section 1226(a) governs Petitioner's detention. This is because when he entered the United States, he did so without inspection well over two years ago, and was apprehended by Respondents, not at the border, but within the interior of the country. Pet. ¶ 1; *see* 8 U.S.C. § 1226(a). These facts, paired with Respondents' application of Section 1225(b) to Petitioner's detention, which resulted in the immigration court lacking bond jurisdiction, support the Court's finding that Petitioner is a *Maldonado Bautista* Bond Class Member. Pet. ¶¶ 1, 45, 48; *see Maldonado Bautista v. Santacruz*, No.

//

5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3713982, at * 7 (C.D. Cal. Dec. 18, 2025).

In its Notice, the Government indicates that it does not oppose the Court granting Petitioner a bond hearing. ECF No. 4. However, either of the two grounds discussed above entitles Petitioner to a bond hearing under Section 1226(a). Thus, the Court finds that Respondents' continued detention of Petitioner, without the provision of a bond hearing, violates his due process rights. Pet. ¶¶ 52-54. Accordingly, the Court holds that Petitioner is entitled to, and will order Respondents to provide him with, a bond hearing.

## IV. CONCLUSION

Accordingly, the Court **GRANTS** the Petition as follows:

(1)     The Court **ORDERS** Respondents to provide Petitioner with a bond determination hearing under 8 U.S.C. § 1226(a) within **ten days** of this Order. At the hearing, Respondents may not deny Petitioner bond on the basis that he is detained under 8 U.S.C. § 1225(b)(2); and

(2)     Respondents are **ORDERED** to File a Notice of Compliance within **five days** of providing Petitioner with a bond redetermination hearing, including apprising the Court of the results of the hearing; and

(3)     The Clerk of Court is **DIRECTED** to **CLOSE** this suit.

**IT IS SO ORDERED.**

Dated: March 23, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge